Jas. P. Selby and Leta Mai Selby v. Commissioner.
Selby v. Commissioner
Docket No. 54152.
United States Tax Court
T.C. Memo 1955-5; 1955 Tax Ct. Memo LEXIS 334; 14 T.C.M. (CCH) 17; T.C.M. (RIA) 55005; January 17, 1955
*334 Section 23(a)(1)(A). - Travel Expense - Temporary Employment. Upon the facts, held, that employment of J. P. Selby in Milan, Tennessee, was temporary and that expenses of lodging and meals in Milan are deductible under section 23(a)(1)(A), 1939 Code, as traveling expenses. Held, further, that automobile expenses were personal and are not deductible, section 24. J. P. Selby, 1180 Central Avenue, Memphis, Tenn., pro se. Lester R. Uretz, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for 1951 in the amount of $351.82. The questions to be decided are whether petitioner, J. P. Selby, is entitled to a traveling expense deduction under section 23(a)(1)(A) of the 1939 Code, and, if so, the amount thereof. Findings of *335 Fact J. P. and Leta Mai Selby are residents of Memphis, Tennessee. Their joint return for 1951 was filed with the collector for the district of Memphis. J. P. Selby is referred to hereafter as the petitioner. The petitioner is an accountant. At the end of 1950, he was not employed by any accounting or other type of concern. He had been employed by a firm in Memphis prior to the time he became unemployed. He owned and maintained a home for himself and his family in Memphis. Forcum-Jones Construction Company (referred to hereafter as the Construction Company), at the end of 1950 had a contract with the Army Engineers Corps to do construction work at the Army Ordnance Plant at Milan, Tennessee. The Construction Company maintains an office in Memphis. It employed the petitioner to go to Milan to install and supervise an accounting system at the Ordnance Plant project in Milan, Petitioner was told that the work he was to do would require approximately three months. Petitioner accepted the temporary employment by the Construction Company at the beginning of January 1951. He completed the work he was employed to do at the end of July 1951. He worked in Milan for seven months. He was *336 paid $150 per week out of which he paid all of his expenses. Milan is located about 115 miles from Memphis. While petitioner worked in Milan, he rented lodgings and took his meals at either a tourist motor court or a hotel for five days each week, Monday through Friday. He went home to Memphis each weekend to visit his family, using his automobile for transportation. These week-end trips were of no benefit to petitioner's employer; they were for petitioner's convenience. Petitioner paid at least $4 a day for lodging and $2.20 per day for meals, during 150 working days in Milan, a total of $930. When petitioner completed his work at Milan, his employment by the Construction Company was terminated. Thereafter, petitioner obtained other employment. His new employment was not at Milan. In the joint return for 1951, the petitioner deducted as business traveling expenses the sums of $930 for meals and lodging in Milan, and $611, automobile expense, for transportation between Milan and Memphis, a total of $1,541. He deducted, also, $203.51, as allowable medical expense deduction based upon actual medical expenses of $559.20. The Commissioner disallowed all of the claimed traveling *337 expenses, and reduced the allowable medical expense deduction by $77.06, the reduction being required by the adjustment in taxable net income. The Commissioner determined that all of the claimed traveling expense, $1,541, constituted nondeductible personal expenses under section 24. The expenses for meals and lodging in Milan for 150 working days in the amount of $930 were reasonable and necessary expenses. Opinion The petitioner, in 1951, had no regular post of duty or place of regular employment away from Memphis which could be regarded as "home" for the purpose of section 23(a)(1)(A) of the 1939 Code. Milan was not his place of regular employment. His employment in Milan was of comparatively short duration and was temporary (rather than indefinite). The expenses for room and meals, $930, while petitioner was working in Milan, were reasonable and necessary expenses while away from "home" in pursuit of his profession; these expenses are deductible under section 23(a)(1)(A). The respondent erred in disallowing deduction of expenses in the amount of $930. ; . The petitioner claims a further deduction *338 under section 23(a)(1)(A) in the amount of $611. This amount is computed on the basis of expenses of 10 cents per mile for the operation of petitioner's automobile on trips totaling 6,110 miles. Petitioner's week-end trips to visit his family had no relation to the execution of his duties at Milan; they were of no benefit to his employer. He took those trips purely for personal reasons. . Furthermore, the alleged cost is based upon petitioner's estimate of 10 cents a mile. Petitioner did not present any evidence relating to actual automobile expense to show how he arrived at the estimated cost. The claimed expense of $611 is not deductible. Under our holding relating to deduction of the expenses of meals and lodging in Milan, it will be necessary to recompute the amount of the allowable medical expense deduction. Decision will be entered under Rule 50.